Thomas D. Smith, Esquire (ISB No. 8206)
**SPINNER, WOOD & SMITH**
1335 East Center - P.O. Box 6009
Pocatello, Idaho  83205-6009
Telephone:  (208) 232-4471
Email: tom@pocatello-law.com

Attorneys for R. Sam Hopkins, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. 21-40143-JMM |
| | ) | |
| ADAM FINEHOUT, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**STIPULATION REGARDING THE DEBTOR'S EXEMPTIONS**

COMES NOW R. Sam Hopkins, Trustee, through his attorneys, and the Debtor, Adam Finehout, through his attorneys, and agree as follows:

1. On February 20, 2021, the Debtor purchased a 2019 Hyundai Elantra (VIN 5NPD74LF8KH485935) for $12,995 at Branded Auto in Rigby, Idaho. The Debtor paid the purchase price with a $500 credit for a trade-in and his Navy Federal Credit Union ("NFCU") credit card.

2. The Debtor had been contemplating filing bankruptcy around the time he purchased the Hyundai Elantra, and the Debtor paid his bankruptcy attorney, Aaron J. Tolson, $2,500 during February of 2021.

3. On March 9, 2021, the Debtor filed his bankruptcy petition.

4. The Debtor's bankruptcy schedules list the Hyundai Elantra as estate property with a value of $10,000, and, along with other exemptions, the Debtor claimed a $10,000 in the

vehicle under Idaho Code § 11-605(3). The Debtor's bankruptcy schedules also list a $19,000 debt owed to NFCU, which includes the purchase money for the Hyundai Elantra.

5.    On April 26, 2021, the Trustee filed the Trustee's Objection to Claim of Exemption and Opportunity to Object (Document No. 17) whereby the Trustee objected to all of the Debtor's claimed exemptions under Idaho Code § 11-607(a)(4). On May 10, 2021, the Debtor filed the Debtor's Response to Trustee's Objection to Claim of Exemption (Document No. 18). The matter is currently scheduled for a hearing on July 27, 2021, at 9:30 a.m.

6.    The Trustee argues that Idaho Code § 11-607(a)(4) and (b)(1) prevent the Debtor from exempting the Hyundai Elantra. Specifically, Idaho Code §11-607(a)(4) allows a creditor to levy against estate property to enforce a claim for obtaining property by false pretenses. The Trustee alleges that the Debtor purchased the Hyundai Elantra by false pretenses because he used his NFCU credit card to pay the purchase price without intent to repay the debtor because he was planning to file for bankruptcy. *See, e.g., Anastas v. American Savings Bank (In re Anastas)*, 94 F.3d 1280, 1285 (9th Cir. 1996) ("When the card holder uses the card without an intent to repay, he has made a fraudulent representation to the card issuer."). Similarly, Idaho Code § 11-607(b)(1) allows a creditor to levy against estate property to enforce a claim for a loan that enables an individual to purchase property. The debt owed to NCFU includes a claim for a loan to enable the Debtor to purchase the Hyundai Elantra. As a result, Idaho Code § 11-607 provides a basis to deny the Debtor's exemption in the Hyundai Elantra under state law which does not implicate the United States Supreme Court decision in *Law v. Siegel*, 571 U.S. 415 (2014). *Gray v. Warfield (In re Gray)*, 523 B.R. 170, 175 (9th Cir. 2014) (holding that *Law v. Siegel* does not prevent the application of state laws which deny an exemption based on certain types of debtor conduct).

**STIPULATION REGARDING THE DEBTOR'S EXEMPTIONS - 2**

7.     The Debtor argues that the Trustee's objection to his claimed exemptions should be denied because he needs the Hyundai Elantra and other estate property for his fresh start, and he is an honest and unfortunate debtor.

8.     The Trustee and Debtor agree that it is in both of their best interests to compromise this disputed issue between them.

9.     The Trustee and the Debtor agree the Debtor shall purchase the estate's interest in the Hyundai Elantra for $6,000, which shall be paid before the hearing to approve this stipulation. The Trustee shall abandon any claim the estate has to recover and sell the Hyundai Elantra after he receives the $6,000, and the Trustee shall withdraw his objection to the Debtor's other claimed exemptions besides the Hyundai Elantra. However, if the Debtor does not pay the entire $6,000 before the hearing to approve this stipulation, then the Debtor waives his right to claim an exemption in the Hyundai Elantra, and the Trustee may recover and sell the vehicle to benefit the estate. The Trustee and the Debtor also agree that the hearing scheduled on July 27, 2021, regarding the Trustee's objection to the Debtor's claimed exemptions may be vacated.

10.     The Trustee shall submit this stipulation to the Court for its approval and schedule a hearing to approve this stipulation at least thirty days after this stipulation is filed. If the Court fails or refuses to approve this stipulation, then this stipulation shall not be binding upon the Trustee and the Debtor, the Trustee shall return to the Debtor the $6,000 or any lesser amount received from the Debtor pursuant to this stipulation, and the Trustee and the Debtor shall be free to pursue their respective claims against each other regarding the Hyundai Elantra and the Debtor's other claimed exemptions.

**STIPULATION REGARDING THE DEBTOR'S EXEMPTIONS - 3**

SPINNER, WOOD & SMITH
Attorneys for R. Sam Hopkins, Trustee


By:/s/_____     7/19/2021_____
    Thomas D. Smith                                    Date


TOLSON & WAYMENT, PLLC
Attorneys for Debtor Adam Finehout


By:/s/_____     7/19/2021_____
    Aaron J. Tolson                                    Date


**STIPULATION REGARDING THE DEBTOR'S EXEMPTIONS - 4**